UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH TROTTER,<br><br>    Plaintiff,<br><br>    v.<br><br>MARIC FELIX; NELSON FELIX; JOHN FLANAGAN; and FUSION PROPERTY MANAGEMENT COMPANY,<br><br>    Defendants. | No. 2:17-cv-14-JAM-EFB PS<br><br>ORDER |

The court previously granted plaintiff's request to proceed *in forma pauperis*, but dismissed his original complaint with leave to amend pursuant to 28 U.S.C. 1915(e)(2).[1] Plaintiff subsequently filed a first amended complaint. ECF No. 5. As discussed below, the amended complaint fails to cure the defects that resulted in dismissal of plaintiff's original complaint, and it, too, must be dismissed.

As previously explained to plaintiff, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

(citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Liberally construed, plaintiff's complaint concerns multiple landlord-tenant disputes between plaintiff and defendants Maric Felix ("Maric"), Nelson Felix ("Nelson"), John Flanagan, and Fusion Property Management Corporation ("Fusion Property"). *See generally* ECF No. 1. Plaintiff alleges that he was approved for a one-bedroom unit under the Section 8 Housing Choice Voucher Program, but Maric, the property manager, and Nelson[2] determined that plaintiff should be placed in a smaller unit because "it would be a lot less work for" them. *Id*. at 3-4. He further claims that Maric violated his privacy rights by allowing Nelson to be present during the processing of his rental application. *Id*. at 3. The complaint also alleges that Maric and Nelson have "engaged in promoting vigilante mob activities" and "hate crime activities" against plaintiff (*id.* at 4), they placed audio and visual surveillance devices inside plaintiff's apartment (*id*.), and

---
[2] The original complaint explained that Nelson was the Maintenance Supervisor of the apartment complex where plaintiff's previously resided. *See* ECF No. 1 at 2.

Nelson, on numerous occasions, caused rodent infestations in plaintiff's apartment (*id.* at 10). Plaintiff appears to claims that defendants' conduct violated his civil rights under 42 U.S.C. § 1983; the Rehabilitation Act; Title IX of the Education Amendments Act; and Titles VI and VII of the Civil Rights Act of 1964, as well as state law.[3]

Plaintiff's allegations are too vague and conclusory to state a federal claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Although plaintiff claims that each defendant was acting under color of state law (ECF No. 5 at 2), that conclusion, without more, is insufficient to establish defendants are state actors. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations).

Plaintiff also fails to state a claim under the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.* Section 504 of the Rehabilitation Act prohibits "discrimination against all handicapped individuals . . . . in employment, housing, transportation, education, health services, or any other Federally-aided programs." 29 U.S.C. § 794. To state a disability discrimination claim under Section 504, a plaintiff must allege: "(1) he is an 'individual with a disability', (2) he is 'otherwise qualified' to receive the benefit; (3) he was denied the benefit of the program *solely by reason of his disability*; and (4) the program receives federal financial assistance. *Weinreich v. Los Angeles County Metropolitan Transp. Authority*, 114 F.3d 976, 978 (9th Cir. 1997) (emphasis in original). Under the Rehabilitation Act, "disability" is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual, (B) a record of such an impairment, or (C) being regarded as having such an impairment." *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007).

Plaintiff claims that he is disabled because he is HIV positive. ECF No. 5 at 8; *see William S. v. Lassen Cty.*, 2006 WL 929398, at *3 (E.D. Cal. Apr. 11, 2006) (finding plaintiff

---

[3] Plaintiff's complaint does not contain headings delineating each claim alleged, as required by Rule 10(b).

3

sufficiently alleged disability by stating that he was HIV positive notwithstanding failure to allege how he was mentally or physically impaired). But he fails to allege any facts reflecting that he subjected to discrimination on account of being HIV positive. *See Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1175 (9th Cir. 1998) (under the Rehabilitation Act, a plaintiff "must show that he was discriminated against solely on the basis of his disability).

Plaintiff also cannot maintain a claim under Title IX based on his allegations. The complaint concerns landlord-tenant disputes and does not concern gender-based discrimination by a federally funded educational institution. *See Emeldi v. Univ. of Or.*, 673 F.3d 1218, 1223 (9th Cir. 2012) ("Title IX of the Education Amendments of 1972 bars gender-based discrimination by federally funded educational institutions."); 20 U.S.C. § 1681(c) (defining "educational institution" as "any public or private preschool, elementary, or secondary school, or any institution of vocational, professional, or higher education . . . ."). *see also Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009) ("Title IX reaches institutions and programs that receive federal funds, . . . but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals."). Likewise, Title VII has no bearing on this action since the complaint does not concern employment discrimination. *See* 42 U.S.C. § 2000e.

Plaintiff also cannot properly assert a Title VI claim against the three individual defendants. *Aguirre v. San Leandro Police Dept.*, 2011 WL 738292, at *3 (N.D. Cal. Feb. 22, 2011) ("Because Title VI is directed at programs that receive federal assistance, there is no right of action against individual employees or agents of those entities."). Plaintiff's Title VI claim against Fusion Property also fails since plaintiff does not allege that he was subjected to racial discrimination or that Fusion Property was receiving federal financial assistance. *See Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994) (to state a claim under Title VI, "a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance.").

Lastly, plaintiff's complaint makes reference to numerous state law claims, including claims for stalking, trespass, intentional infliction of emotional distress, and breach of contract, to

4

name a few. But plaintiff has yet to assert a properly-pleaded federal cause of action which precludes supplemental jurisdiction over the state law claims. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States), 1367(a) (where the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction . . . ."). Nor has plaintiff established diversity jurisdiction over his state law claims.[4] *See* 28 U.S.C. § 1332; *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.).

Accordingly, plaintiff's amended complaint must be dismissed for failure to state a claim. Plaintiff is granted leave to file an amended complaint. Any amended complaint must allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction. The amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be

---

[4] Although the amended complaint is silent at to defendants' citizenship, plaintiff's original complaint alleged that plaintiff and defendants Maric and Nelson reside in California. ECF No. 1 at 2.

5

complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  *See* E.D. Cal. L.R. 110.

        Accordingly, IT IS ORDERED that:

        1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

        2. Plaintiff's first amended complaint is dismissed with leave to amend, as provided herein.

        3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: February 27, 2019.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE