UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH TROTTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARIC FELIX; NELSON FELIX; JOHN FLANAGAN; and FUSION PROPERTY MANAGEMENT COMPANY,<br><br>　　　　Defendants. | No. 2:17-cv-14-JAM-EFB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　The court previously dismissed plaintiff's first amended complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 7. Plaintiff was granted leave to file an amended complaint, and he has now submitted a second amended complaint. As discussed below, the second amended complaint fails to state a claim and must too be dismissed.

　　　As previously explained to plaintiff, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual

allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Like his earlier complaints, plaintiff's second amended complaint is difficult to decipher. Liberally construed, the second amended complaint concerns landlord-tenant disputes between plaintiff and defendants Maric Felix ("Maric"), Nelson Felix ("Nelson"), John Flanagan, and Fusion Property Management Corporation ("Fusion Property"). *See generally* ECF No. 8. Plaintiff alleges that he was approved for a one-bedroom unit under the Section 8 Housing Choice Voucher Program, but Maric, the property manager, leased plaintiff a smaller apartment because "it would be a lot less work." *Id*. at 5, 7.  Plaintiff also claims that he was been subjected to "hate crime activities," and that defendants have "engaged in promoting vigilante mob activities." *Id*. at 8.  He further alleges Maric violated his privacy rights by permitting Nelson, the maintenance supervisor, to be present when plaintiff's rental application was processed. *Id*. at 7-8.  He also claims that defendants discriminated against him because he "is disabled suffering from paranoia schizophrenic depression, and a constant fear of being vandalized, victimized, [and] terrorized." *Id*. at 5.  Lastly, he claims defendants used a "visual or an auditory enhancing device . . . in order to obtain a visual image, sound recording, or other physical impressions of" him. *Id*. at 11.

/////

Plaintiff appears to allege defendants violated his right to equal protection, a claim under 42 U.S.C. § 1983, the Rehabilitation Act, as well as state law.

Plaintiff's allegations are too vague and conclusory to state a federal claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff does not allege that any of the defendants are state actors. Nor does he allege that he was treated differently than other similarly situated. *See Gerhart v. Lake County, Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011) (to state an equal protection claim, plaintiff must allege (1) intentional behavior on the part of defendants, (2) treatment different from others similarly situated, and (3) a lack of rational basis for the differing treatment).

Plaintiff also fails to state a claim under the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq*. Section 504 of the Rehabilitation Act prohibits "discrimination against all handicapped individuals . . . . in employment, housing, transportation, education, health services, or any other Federally-aided programs." 29 U.S.C. § 794. To state a disability discrimination claim under Section 504, a plaintiff must allege: "(1) he is an 'individual with a disability'; (2) he is 'otherwise qualified' to receive the benefit; (3) he was denied the benefit of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *Weinreich v. Los Angeles County Metropolitan Transp. Authority*, 114 F.3d 976, 978 (9th Cir. 1997) (emphasis in original). Under the Rehabilitation Act, "disability" is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual, (B) a record of such an impairment, or (C) being regarded as having such an impairment." *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007). Although plaintiff alleges that he has a mental impairment, he does not allege any facts demonstrating he was subjected to discrimination on account of his mental impairment. *See Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1175 (9th Cir. 1998) (under the Rehabilitation Act, a plaintiff "must show that he was discriminated against solely on the basis of his disability).

/////

The second amended complaint also references several state law claims, including claims for stalking, libel, trespass, and violation of the California Fair Employment and Housing Act. But plaintiff once again fails to properly-plead a federal cause of action that would permit supplemental jurisdiction over his state law claims. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States), 1367(a) (where the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction . . . ."). Plaintiff also fails to allege a basis for diversity jurisdiction over his state law claims. *See* 28 U.S.C. § 1332; *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000). Instead, the complaint indicates that plaintiff and the individual defendants all reside in California. Thus, he fails to demonstrate the parties' citizenship is diverse.

Accordingly, for these reasons plaintiff's second amended complaint must be dismissed. Further, the court finds that granting further leave to amend would be futile. Plaintiff has already been afforded two opportunity to amend, and his allegations continue to fall far short of stating a cognizable claim. Consequently, it is recommended that the dismissal be without further leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby RECOMMENDED that plaintiff's second amended complaint (ECF No. 8) be dismissed without leave to amend, and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

4

within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  July 6, 2020.

                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE